IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| GREG MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 01-TMP-1469-NE |
| | ) | |
| CITY OF SCOTTSBORO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ENTERED**
MAY 29 2002

## MEMORANDUM OPINION

This action is before the court on two motions for summary judgment. The first was filed December 17, 2001, by defendants Jimmy Sandlin and the Electric Power Board of the City of Scottsboro ("Power Board") and was supported by an affidavit and brief. The second was filed February 12, 2002, by defendant City of Scottsboro and was supported by an affidavit. The plaintiff has filed responses in opposition to both motions. The parties have consented by stipulation to the exercise of jurisdiction by the undersigned pursuant to 28 U.S.C. § 636(c); accordingly, the court enters this memorandum opinion.

### I.  FACTS

Plaintiff Greg Miller was terminated from his employment with the Power Board on July 10, 1999. The Power Board is a public corporation organized and existing under the laws of the State of

Alabama. Jimmy Sandlin was, at all times relevant to this action, manager of the Power Board. The City of Scottsboro appoints the members of the Power Board's Board of Directors. The city does not otherwise control or operate the Power Board. Miller was not an employee of the City of Scottsboro at any time relevant to this lawsuit.

On July 10, 1999, Sandlin interviewed Miller and terminated Miller's employment with the Power Board. The Power Board's policy of progressive discipline states that Power Board employees are hired "at will." Specifically, the policy states that the Power Board has the "right to terminate employment at will, with or without cause or advance notice."

On June 8, 2001, Miller filed the complaint commencing this action. He alleged that he was denied procedural due process in violation of 42 U.S.C. § 1983 when he was terminated by the Power Board without being afforded a hearing or grievance procedure. The municipal defendant filed a motion to dismiss on July 9, 2001; the other defendants also filed a motion to dismiss on July 10, 2001. The motions were granted by order dated October 23, 2001, in which the court noted that Alabama is an employment-at-will state, and that plaintiff had failed to affirmatively state any factual basis for asserting that he had a cognizable liberty or property interest in his employment with the Power Board. Plaintiff was given 20 days

2

in which to file an amended complaint which might cure the deficiencies in the original complaint.

On November 9, 2001, plaintiff filed his first amended complaint, asserting that the Power Board had a policy or procedure by which any employee subject to discipline or termination was entitled to an investigation and/or hearing, which he was denied. Plaintiff further asserted that Jimmy Sandlin publicly announced that plaintiff had been terminated for illegally wiring his home and stealing electricity from the Board. The complaint set forth three claims: (1) a procedural due process claim, (2) a substantive due process claim, and (3) a state-law defamation claim.

Defendants seek dismissal of all of plaintiff's claims because, defendants contend, there is no genuine issue as to any material fact and defendants are entitled to judgment as a matter of law. Specifically, all of the defendants contend that they are not liable to the plaintiff for any due process violations because Miller was an employee at-will, and because any statements made by Sandlin that might be considered defamatory were made as part of the Power Board's official duties and were not published outside the corporate sphere.

## II.  SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to

3

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)(quoting Fed. R. Civ. P. 56(c)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Celotex, 477 U.S. at 322-23. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." Id. at 323.

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form

4

necessary for admission at trial; however, he may not merely rest on his pleadings. Celotex, 477 U.S. at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. His guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52; see also Bill Johnson's Restaurants, Inc. v. N.L.R.B., 461 U.S. 731, 745 n.11 (1983). However, the nonmoving party "must do more than show that

5

there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249 (citations omitted); accord Spence v. Zimmerman, 873 F.2d 256 (11th Cir. 1989). Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. Anderson, 477 U.S. at 254; Cottle v. Storer Communication, Inc., 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor. Anderson, 477 U.S. at 255. The non-movant need not be given the benefit of every inference but only of every reasonable inference. Brown v. City of Clewiston, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

### III. DISCUSSION

The defendants supported their motions for summary judgment with the affidavits of Ronald Bailey, Mayor of the City of Scottsboro, and Jimmy Sandlin, Manager of the Power Board. The affidavit of Sandlin demonstrates that the Power Board retained the

6

right to "terminate employment at will, with or without cause or advance notice," and that any progressive discipline involving warnings or suspension may be bypassed at the discretion of the employer. In response to the motions for summary judgment, the plaintiff asserts that he has "made numerous requests that [d]efendants produce documents relating to [p]laintiff's termination and policies and procedures related thereto" and that defendants have not provided the requested information. Plaintiff does not assert that he has served any discovery requests pursuant to the governing Federal Rules of Civil Procedure.[1] Certainly, plaintiff has not filed any motion to compel any defendant to respond to discovery pursuant to Rule 37.

When a party is opposing a motion for summary judgment and does not have sufficient evidence with which to support its opposition, Rule 56 requires that party to demonstrate by affidavit that additional discovery is necessary in order for that party to fully respond to the motion. Rule 56(f) states:

> **(f) When Affidavits are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained

---

[1] The court notes that there is no record that the parties engaged in the discovery required by Federal Rule of Civil Procedure 26 or conducted the planning meeting required by Rule 26(f) or Local Rule 26.1.

>or depositions to be taken or discovery to be had or may make such other order as is just.

The defendants have provided evidence to support the contention that plaintiff was an at-will employee who could be terminated without cause. As such, he does not have a cognizable liberty or property interest in the employment; accordingly, the Constitution does not provide him any procedures before his employment may be terminated. See, e.g., Board of Regents v. Roth, 408 U.S. 564, 92 S. Ct. 2701, 33. L. Ed. 2d 548 (1972); Estes v. Tuscaloosa County, 696 F.2d 898 (11th Cir. 1983). Plaintiff has offered no evidence to contradict defendants' contentions, and thus has failed to meet his burden pursuant to Rule 56(f).[2] Consequently, the motions for summary judgment as to plaintiff's procedural due process claim are due to be granted and the claim (Counts One and Two of the Amended Complaint) is due to be dismissed with prejudice.

---

[2] Plaintiff's amended complaint portends to set forth two separate due process violations - one procedural and one substantive. The court notes, however, that the factual allegations describe only a procedural due process violation: that plaintiff was denied some right to a hearing or appeal relating to his termination. Furthermore, even if plaintiff had successfully described a substantive due process claim, the Eleventh Circuit Court of Appeals has held that in the case of a terminated employee, only a claim of procedural due process may lie. McKinney v. Pate, 20 F. 3d 1550, 1560 (11th Cir. 1994), cert. denied, 513 U.S. 1110, 115 S. Ct. 989, 130 L. Ed. 2d 783 (1995).

In the amended complaint, plaintiff also sets forth a claim of defamation based on Alabama law. Upon the dismissal of the federal-law claim, however, the court may decline to exercise supplemental jurisdiction over the state-law claim pursuant to 28 U.S.C. § 1367(c)(3). Accordingly, the court finds that the plaintiff's defamation claim (Count Three) is due to be dismissed without prejudice.

## IV. CONCLUSION

Based on the foregoing undisputed facts and legal conclusions, the court determines the motions for summary judgment filed by the defendants are due to be granted and this action dismissed.

A separate order will be entered in accordance with the findings set forth herein.

DATED this 24th day of May, 2002.

T. MICHAEL PUTNAM
CHIEF MAGISTRATE JUDGE